# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHEILA KEMP,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LAW OFFICES OF GERALD E. MOORE & ASSOCIATES, PC,<br><br>　　　　Defendant. | Case No. 2:17-cv-02788-JAD-CWH<br><br>**ORDER** |

Presently before the court is plaintiff Sheila Kemp's motion for leave to file an amended complaint (ECF No. 10), filed on April 11, 2018. Defendant the Law Offices of Gerald E. Moore filed a response (ECF No. 13) on May 9, 2018, and plaintiff replied (ECF No. 14) on May 16, 2018.

Also before the court is plaintiff's motion to adjourn the deadline to file motions for summary judgment (ECF No. 16), filed on August 16, 2018. Plaintiff did not respond.

**I.   BACKGROUND**

This case arises out of a collection dispute between plaintiff and defendant. (Compl. (ECF No. 1).) Plaintiff claims that she received a "false and deceptive" collections letter from defendant in violation of the Fair Debt Collection Practices Act ("FDCPA"). (*Id.* at 3.) Plaintiff now moves to amend the complaint and add Gerald E. Moore, Esq. ("Moore") and Brett Borland, Esq. ("Borland") as defendants in their individual capacities. (Mot. to Am. (ECF No. 10).) Plaintiff alleges that Moore and Borland signed the letter, and that they are individually liable. (First Am. Compl. (ECF No. 10-1).) Defendant responds that Moore and Borland cannot be held liable and that plaintiff's amendments are futile. (Resp. (ECF No. 13).) Plaintiff replies that employees may be held individually liable under the FDCPA.   (Reply (ECF No. 14).)

Plaintiff also moves to defer the deadline for the parties to file motions for summary judgment pending the resolution of the motion to file an amended complaint. (Mot. to Adjourn the Deadline (ECF No. 16).)

## II. LEAVE TO AMEND

As a general rule, "a party may amend its pleadings once as a matter of course" within twenty-one days of service, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party must obtain the opposing party's consent or leave of the court. Fed. R. Civ. P. 15(a)(2). The court has broad discretion to grant or deny leave to amend, but should grant leave when "justice so requires." *Id.*; *see also Mir v. Fosburg*, 646 F.3d 342, 347 (9th Cir. 1980). The court may consider "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). A proposed amendment is futile if it could not withstand a Rule 12(b)(6) motion for failure to state a claim. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Here, defendant disputes only the futility of the amendment and raises no objection to the remaining four factors. Therefore, the court will solely address whether plaintiff's amendment would be futile.

Under the FDCPA, debt collectors are prohibited from engaging in abusive practices. *See generally* 15 U.S.C. § 1692. The FDCPA defines debt collectors as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). Further, the FDCPA states that a debt collector is not "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." *Id.* § 1692a(6)(A). However, there is a split in authority on whether an employee may be individually liable when that employee is a shareholder or director of the corporate entity. *See Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1073 (E.D. Cal. 2008) (referring to the split). A majority of courts hold that an employee may be personally liable under the FDCPA. *Smith v. Levine Leichtman Capital Partners, Inc.*, 723 F. Supp. 2d 1205, 1214 (N.D. Cal. 2010); *see also Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437–38 (6th Cir. 2008) (holding that an individual member of an LLC may be held individually liable without piercing the

corporate veil); *Arlozynski v. Rubin & Debski, P.A.*, 710 F. Supp. 2d 1308, 1311 (M.D. Fla. 2010); *Brumbelow v. Law Offices of Bennett & Deloney*, P.C., 372 F. Supp. 2d 615, 618–21 (D. Utah 2005) (holding that individuals within a corporation can be held liable as debt collectors). On the other side, the Seventh Circuit holds that an officer is only liable if the corporate veil is pierced. *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000) (where the court concludes that the FDCPA does not "contemplate personal liability" for debt collection employees, "except perhaps in limited instances where the corporate veil is pierced") (citing *White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir. 2000)). While the Ninth Circuit has not addressed this issue, district courts in this circuit have concluded that individuals may be held laible under the FDCPA. *See Schwarm*, 552 F. Supp. at 1073 (collecting cases); *U.S. v. ACB Sales & Service, Inc.*, 590 F. Supp. 561, 575 (D. Arizona 1984) (implying that the director of a corporate entity may be held individually liable if they "actually participated in any of the violations").

Here, plaintiff claims that she received an initial collection letter authored by Moore and Borland. The letter purportedly contained Moore's signature, the named proprietor of the defendant corporation, and Borland's handwritten signature. Plaintiff alleges that Moore and Borland actively participated in the collection of the debt. Given that an employee may be held liable under the FDCPA and that plaintiff has alleged sufficient facts that Moore and Borland acted as debt collectors, amendment would not be futile. Therefore, the court will grant plaintiff's motion for leave to amend the complaint.

### III. SUMMARY JUDGMENT DEADLINE

Plaintiff requests the court to defer the deadline to file motions for summary judgment, which defendants do not oppose. Under Local Rule 7-2(d), the "failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to granting of the motion." Given that defendant does not oppose the motion, the court will therefore grant plaintiff's motion. The parties must meet and confer and submit proposed amendments to the scheduling order within 14 days from the date of this order.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff's motion for leave to amend the complaint to add additional parties (ECF No. 10) is GRANTED. Plaintiff must file and serve the amended complaint pursuant to Local Rule 15-1.

IT IS FURTHER ORDERED that plaintiff's motion to adjourn the summary judgment deadline (ECF No. 16) is GRANTED. The parties must submit proposed amendments to the scheduling order within 14 days from the date of this order.

DATED: September 20, 2018

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE